# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARK BIEGLER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. N23C-01-180 FWW |
| v. | ) | |
| | ) | |
| UNDERWRITING SERVICE | ) | |
| MANAGEMENT COMPANY, LLC and | ) | |
| UNITED SPECIALTY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: September 27, 2023
Decided: December 20, 2023

*Upon the Motion of Defendants Underwriting Service Management Company, LLC and United Specialty Insurance Company to Dismiss First Amended Complaint,*
**GRANTED**

## ORDER

Raeann Warner, Esquire, COLLINS PRICE & WARNER, 8 East 13th St., Wilmington, DE 19801, Attorney for Plaintiff Mark Biegler.

Loren R. Barron, Esquire, WEBER GALLAGHER, 2 Penn's Way, Suite 300, New Castle, DE 19720, Attorney for Defendants Underwriting Service Management Company, LLC and United Specialty Insurance Company.

**WHARTON, J.**

This 20th day of December 2023, upon consideration of the Motion to Dismiss First Amended Complaint ("FAC")[1] of Defendants Underwriting Service Management Company, LLC ("USMC") and United Specialty Insurance Company ("United Specialty") (collectively "Defendants"), Plaintiff Mark Biegler's Response,[2] and the record in this case, it appears to the Court that:

1.    The circuitous route this case has taken to this point is set out in some detail in the Court's Memorandum Opinion dismissing without prejudice Biegler's Complaint.[3]  That decision dismissed Biegler's claims against the Defendants for Negligence (Count I) and Tortious Interference with Prospective Contractual Relations (Count III).[4]  The Court dismissed the Negligence count because it failed to allege facts establishing that the Defendants owed a duty to Biegler that was breached when the Defendants terminated a contract to provide insurance to third party Fleetlogix, Inc. ("Fleetlogix") which then terminated its relationship with Biegler and that such termination was foreseeable by the Defendants.[5]  The Court

---

[1] Defs.' Mot. to Dismiss FAC, D.I. 17.

[2] Pl.'s Resp., D.I. 19.

[3] *Biegler v. United Service Management Company, LLC, et al.,* 2023 WL 4441851 (Del. Super. Ct, July 10, 2023, corrected July 18, 2023).

[4] *Id.*  A third count - Negligent Misrepresentation (Count II) – was voluntarily dismissed by Biegler.

[5] *Id.* at *7.  The Court did not resolve the issue of whether the Defendants improperly terminated the contract because the parties did not provide the Court with sufficient relevant portions of the contract between the Defendants and Fleetlogix for the Court to make that determination.  *Id.*

dismissed the Tortious Interference with Prospective Contractual Relations count because the Complaint lacked "any allegations that the Defendants were aware of any *prospective* reasonably probable contractual relations between Fleetlogix and Biegler."[6] Further, even if the Defendants were aware of any such prospective contractual relations, the Complaint failed to allege that interfering with those relations played any role in terminating their contract with Fleetlogix.[7] Finally, the Court granted Biegler leave to file an Amended Complaint.[8]

2. Biegler filed his FAC on August 4, 2023.[9] The Defendants again move to dismiss.[10]

3. The FAC substantially tracks the Complaint. The allegations of the original Complaint are set out in the Court's Memorandum Opinion which cites to an earlier Court of Chancery Order, and are incorporated by reference here.[11]

4. The FAC makes several new factual allegations. First, it alleges that for Biegler's business, the Fleetlogix account represented $65,000 per year in commissions after $45,000 in the first year, plus another $30,000 annually for

---

[6] *Id.*
[7] *Id.*
[8] *Id.* at *8.
[9] FAC, D.I. 16.
[10] Defs.' Mot. to Dismiss FAC, D.I. 17. *Id.*
[11] *Biegler*, 2023 WL 4441851, at *1-2 (citing *Biegler v. Underwriting Service Management Company, LLC, et al.,* 2022 WL 17820533, at *1-2 (Del. Ch. Dec. 20, 2022)).

additional lines of insurance requested by Fleetlogix.[12] It also alleges that Biegler anticipated that Fleetlogix would hire him as its workers' compensation agent due to its pleasure with his work in securing the policy with the Defendants.[13] In Paragraph 17 of the FAC, Biegler alleges he explained to the owner of USMC, Ed Murphy, and Murphy's attorney, "Freddy," how important it was to his firm's relationship with Fleetlogix that the coverage remain in place.[14] Paragraph 19 references email correspondence, attached to the FAC as Exhibit 9, between Biegler and John Kolb, a representative of the Defendants, regarding the Defendants unsuccessful attempts to cancel the Fleetlogix policy by giving 10-day and 20-day notices.[15] In the correspondence, Biegler points out that "any cancellation other than payment is 30 days."[16] Finally, Paragraph 20 alleges violations of specific provisions of the insurance codes and/or regulations of Delaware, California, and Montana.[17] It also alleges the Defendants violated the standard of care in the insurance industry by not following insurance codes and policy conditions and by cancelling the policy mid-term where there were no material changes to the risk initially undertaken.[18]

---

[12] FAC at ¶ 14, D.I.
[13] *Id.*
[14] *Id.* at ¶ 17.
[15] *Id.* at ¶ 19.
[16] *Id.* at Ex. 9.
[17] *Id.* at ¶ 20.
[18] *Id.*

5. In their Motion to Dismiss, Defendants cite Section A(2) of the policy's Common Policy Conditions stating:

> We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:
>
> a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or
>
> b. 30 days before the effective date of cancellation if we cancel for any other reason.[19]

The Defendants claim that they properly terminated the policy consistently with its terms when they provided Fleetlogix with a 30-day termination notice.[20] The Defendants argue that although they had a contractual relationship with Fleetlogix, they had no such relationship with its agent, Biegler.[21] Biegler's termination by Fleetlogix and consequential loss of potential income may be a collateral consequence of the Defendants' termination of the policy, but the Defendants had no duty to him and cannot be liable to him when exercising their legitimate right to terminate the policy under its terms.[22] Accordingly, Biegler's negligence claim (Count 1) fails to state a claim upon which relief may be granted.

---

[19] Defs.' Mot. to Dismiss FAC, at 2, D.I. 17.
[20] *Id.*
[21] *Id.* at 3.
[22] *Id* at 3-6.

6.     The Defendants argue that Biegler's claim for Tortious Interference with Prospective Contractual Relations fails as well.[23]  Although the FAC alleges that the Defendants were aware of Biegler's history with Fleetlogix, the importance of his relationship with Fleetlogix to his business, and his prospective business opportunities with Fleetlogix, there is no allegation that the Defendants intentionally or wrongfully interfered in that relationship.[24]

7.     Biegler opposes the Motion.  Regarding his negligence claim, he argues that the Defendants "provided and binded [sic] coverage on terms they did not understand and were not willing to accept" and provided a false reason for terminating coverage in violation of applicable insurance provisions and the standard of care. [25]  The 10-day and 20-day cancellation notices also violated applicable insurance provisions and the standard of care as well as the policy itself.[26] Those two notices as well as the 30-day cancellation notice caused Fleetlogix to lose confidence in Biegler and think he had missed a requirement of the policy.[27] "The policy may have allowed for cancellation at 30 days for any reason but does not allow cancelling for a false reason which reflects badly on the procurer of said

---

[23] *Id.* at 6-8.
[24] *Id.*
[25] Pl.'s Resp. at 1-2, D.I. 19.
[26] *Id.* at 2.
[27] *Id.*

6

policy."[28]   The harm to him was foreseeable, according to Biegler, because he shared with the Defendants that Fleetlogix was a major client of his and it was important to the ongoing business relationship that the policy remain in place.[29]

8.      Biegler defends his claim of Tortious Interference with Prospective Contractual Relations by arguing that he has alleged in numerous places in the FAC that the Defendants acted intentionally.[30]   In particular the Defendants "clearly intended to send the notice cancellations, which actions Biegler claims were "intentional and wrongful acts which interfered with [his] contractual relations."[31]

9.      A motion to dismiss for failure to state a claim pursuant to Superior Court Rule 12(b)(6) will not be granted if the "plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[32]   The Court's review is limited to the well-pled allegations in the complaint.[33]   In ruling on a 12(b)(6) motion, the Court "must draw all reasonable factual inferences in favor of the party opposing the motion."[34]   Dismissal is warranted "only if it appears with reasonable certainty that the plaintiff could not

---

[28] *Id.* at 3-4.
[29] *Id.*
[30] *Id.* at 5-6.
[31] *Id. at 6.*
[32] *Browne v. Robb*, 583 A.2d 949, 950 (Del. 1990).
[33] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).
[34] *Id.*

7

prove any set of facts that would entitle him to relief."[35] However, the Court will "ignore conclusory allegations that lack specific supporting factual allegations."[36] The Court may, "despite allegations to the contrary," dismiss a complaint "where the unambiguous language of documents upon which the claims are based contradict the complaint's allegations."[37]

10. The Court is unpersuaded that the FAC alleges any additional facts that would create any duty the Defendants owed to Biegler that would make them liable to him in negligence. The additional facts in the FAC simply allege that the Defendants knew how important the Fleetlogix business was to Biegler, both at the time and prospectively. But, the additional facts alleged do nothing to change the fundamental relationship between the Defendants and Biegler. As the Court stated in its Memorandum Opinion:

> Why it would be reasonable for the Defendants to owe a duty of care to Biegler and be responsible to him for damages resulting from Fleetlogix's termination of him as its insurance consultant, under the facts alleged in the Complaint, eludes the Court.[38]

---

[35] *Id.*

[36] *Ramunno v. Cawley,* 705 A.2d 1029, 10345 (Del. 1998).

[37] *Tigani v. C.I.P. Assocs., LLC,* 2020 WL 2037241, at v*2 (Del. Apr. 27, 2020) (citing *Malpiede v. Townson*, 780 A.2d 1075, 1083 Del. 2001).

[38]

8

It still eludes the Court under the facts alleged in the FAC. The FAC fails to allege that the Defendants had reason to know that Biegler's continued retention by Fleetlogix was contingent on the Defendants' performance under the insurance policy, especially where the policy obtained by Biegler contained all of the provisions Fleetlogix required.

11. Fleetlogix had an enforceable contract with the Defendants for the Defendants to provide primary insurance. Biegler argues that the Defendants' improper 10-day and 20-day attempts at cancellation, coupled with the "false" reason the Defendants proffered in the effective 30-day cancellation, caused Fleetlogix to lose confidence in him. Fleetlogix then improperly severed its relationship with him because it mistakenly believed he had missed a requirement of the policy. As a result, according to Biegler, he has a negligence claim against the Defendants.

12. As the Court observed in its Memorandum Opinion, Biegler's real complaint is not with the Defendants, but with Fleetlogix. If the Defendants properly cancelled the policy under its terms, as Biegler concedes, they would be blameless for Fleetlogix ending its relationship with Biegler, regardless of whether the reason for the cancellation was "false." If the Defendants cancelled the policy in violation of its terms, or in violation of any of the insurance codes and regulations

9

alleged in the FAC, Fleetlogix, but not Biegler, would have a cause of action against the Defendants for breach of contract.[39]

13.     Fleetlogix's collateral termination of Biegler, despite Biegler having obtained a policy meeting its specifications, is not a reasonable risk the Defendants could or should have foreseen.  Biegler alleges that the Defendants "knew or should have known …that Fleetlogix would believe Biegler did something wrong in not having other insurance or properly reading the policy requirements for underlying coverage, and terminating their ongoing business relationship."[40]   Although the Defendants might foresee Fleetlogix blaming them if they were to act improperly, it is not foreseeable that Fleetlogix would blame Biegler if, in fact, he were blameless.  Put another way, in order to establish the foreseeability of the harm to himself, Biegler alleges that the Defendants knew or should have known Fleetlogix would not consult its own copy of the policy and, instead, blame Biegler for Fleetlogix's actions.  An allegation of that type of blame shifting is insufficient to allege foreseeability on the Defendants' part.

14.     Further, the FAC, like the Complaint, lacks specific factual allegations establishing any duty on the Defendants' part to ensure that the relationship between Biegler and Fleetlogix remained viable.  If Fleetlogix improperly blamed Biegler

---

[39] Interestingly, no mention of any such litigation has been made in this case.  The Court assumes none ever was initiated.
[40] Pl.'s Resp. at 5, D.I. 19.

10

for the Defendants' cancelling the policy for a "false" reason, Biegler's claim is against Fleetlogix, not the Defendants. Accordingly Count I – Negligence of the FAC is **DISMISSED.**

15. In order to properly state a claim for tortious interference with prospective contractual relations, a plaintiff must allege "(a) a reasonable probability of a business opportunity or prospective contractual relationship, (b) intentional interference by a defendant with that opportunity, (c) proximate cause, and (d) damages."[41] The Complaint lacked any allegation that the Defendants were aware of any *prospective* reasonably probable contractual relations between Fleetlogix and Biegler. The FAC cures that defect. But, the Complaint also failed to allege that interfering with prospective contractual relations played any role in the Defendants terminating their policy with Fleetlogix. In other words, the Complaint failed to allege that the Defendants acted intentionally with the purpose of interfering with any prospective contractual relations between Biegler and Fleetlogix. The FAC does not correct that defect. Biegler argues that the Defendants acted intentionally when they sent the cancellation notices. But Biegler misses the point. It is not sufficient to allege that the Defendants took the intentional

---

[41] *Great Am. Opportunities, Inc. v. Cherrydale Fundraising, LLC,* 2010 WL 338219, at *9 (Del. Ch. Jan. 29, 2020); *See also, KT4 Partners LLC v. Palantir Technologies, Inc.* 2018 WL 4033767, at *6 (Del. Super. Aug. 22, 2018 (citing *World Energy Ventures, LLC v. Northwind Gulf Coast LLC,* 2015 WL 7772638, at *6 (Del. Super. Nov. 2, 2015)).

action of sending the notices. The notices must have been sent with the specific intent of interfering with the prospective contractual relations between Biegler and Fleetlogix, It is an allegation of that latter specific intention that is missing from the FAC and why Count III – Tortious Interference with Prospective Contractual Relations is **DISMISSED.**

**THEREFORE**, the Motion to Dismiss the First Amended Complaint of Defendants United Specialty Insurance Company and Underwriting Service Management Company, LLC is **GRANTED.** The Complaint is **DISMISSED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.